**Kulwinder RAM, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70425.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 20, 2007.

John C. Nelson, Esq., Newport Beach, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Lucy P. McClain, U.S. Department of Justice, The Curtis Center, Philadelphia, PA, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

MEMORANDUM **

Kulwinder Ram, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

We lack jurisdiction to review the BIA's determination that petitioner is statutorily ineligible for asylum based on the one-year time bar. *See Ramadan v. Gonzales,* 479 F.3d 646, 650 (9th Cir.2007) (per curiam).

We have jurisdiction under 8 U.S.C. § 1252 over the remaining claims. We review for substantial evidence adverse credibility findings. *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001). We deny the remaining claims.

Substantial evidence supports the BIA's decision that petitioner failed to establish a withholding of removal claim based on an adverse credibility finding. Because there were inconsistencies between petitioner's application and testimony regarding his injuries and whether he was in hiding after the 1998 incident, and internal inconsistencies within his testimony regarding recognizing his attackers in 1998, the adverse credibility finding is supported by the record. *See id.* at 1042–43. Thus, we deny petitioner's withholding of removal claim.

Substantial evidence also supports the denial of relief under CAT. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir. 2003).

We conclude that petitioner failed to exhaust with the BIA his contention that the IJ violated his due process rights by failing to give him notice that the date of admission was in doubt. *See Zara v. Ashcroft,* 383 F.3d 927, 930 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**